NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

CLYNT CROSBY,

        Plaintiff,                Civil Action No. 03-5232(SDW)

   v.

WARDEN RALPH GREEN,

        Defendant.            **OPINION**

                                September 5, 2007

**WIGENTON, District Judge**

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b) and/or for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 (the "Motion") filed by Ralph Green ("Defendant"). Clynt Crosby ("Plaintiff") filed opposition to the Motion, which is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the Motion is denied in its entirety.

**I. Jurisdiction and Venue**

The Court has jurisdiction over Plaintiff's claims based on 42 U.S.C. § 1983 and 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b).

**II. Summary Judgment**

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 318 (1986).

Once the moving party meets the initial burden, the burden then shifts to the non-movant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings.  *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001).  The court may not weigh the evidence and determine the truth of the matter but rather determine whether there is a genuine issue as to a material fact.  *Anderson*, 477 U.S. at 249.  In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party.  *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991).

### III.  42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code subjects to liability:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

42 U.S.C. § 1983.  To establish a viable § 1983 claim, a plaintiff must demonstrate that "the conduct complained of was committed by a person acting under color of state law" and that "this conduct deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993) (*quoting Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327

(1986)).

"By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906-07 (3d Cir. 1997) (*citing Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

**IV. Discussion**

There is no need to restate the facts of this case because they appear in various opinions within this District. (*See* Civil Action No. 03-5232(WGB) Opinion dated June 24, 2005; Civil Action No. 05-4650(JAP) Opinion dated March 20, 2006.) Most of Plaintiff's claims have been dismissed with prejudice, and the only remaining claims are against Defendant in his individual capacity for exposure to environmental tobacco smoke and cold temperature while detained at the Hudson County Correctional Center. Plaintiff's claims are construed as Fourteenth Amendment Due Process violations and are brought under 42 U.S.C. § 1983.

Defendant asserts that the Motion should be granted and the Amended Complaint dismissed for multiple reasons. First, Defendant argues that because Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment was not violated, Plaintiff cannot state a claim under 42 U.S.C. § 1983. Second, Defendant argues that he is immune from suit from these claims because he is protected by qualified immunity. Third, Defendant argues that because Plaintiff failed to exhaust administrative remedies, his claims are barred by Section 1997e(a) of the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a). Finally, Defendant argues that because Plaintiff is no longer detained at Hudson County Correctional Center, Plaintiff's claims are moot.

**A. Eighth Amendment**

The Eighth Amendment does not apply in this case because Plaintiff is an alien detainee. As

the status of an alien detainee is equivalent to that of a pretrial detainee, Plaintiff enjoys protection under the Due Process Clause of the Fourteenth Amendment,[1] which the Court explained in the Opinion dated June 24, 2005.  (Civil Action No. 03-5232(WGB) Opinion dated June 24, 2005 at 6-7.)  Thus, Defendant's arguments constructed upon an Eighth Amendment analysis are rejected.

### B.  Qualified Immunity

The qualified immunity argument[2] fails because it is based on the Eighth Amendment, which is irrelevant in this case.  The relevant constitutional right is the Fourteenth Amendment, thus an analysis concerning Due Process[3] is necessary and absent in Defendant's moving papers.  Defendant does not meet his burden to establish that he is entitled to qualified immunity.  *See Burbage v. City*

---

[1] Due Process under the Fifth and Fourteenth Amendments protects alien detainees, pretrial detainees and convicted but unsentenced detainees against conditions of confinement that amount to punishment.  *See Bell v. Wolfish*, 441 U.S. 520, 538 (1979); *Hubbard v. Taylor*, 399 F.3d 150, 164-65 (3d Cir. 2005).
> [I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'  Conversely, if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.

*Bell*, 441 U.S. at 539.

[2] Defendant raises a qualified immunity defense in his Reply to the Opposition to the Motion.

[3] "Qualified immunity shields government officials performing discretionary functions from civil liability provided their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Mills v. Clark*, No. 99-6334, 2000 U.S. App. LEXIS 22441, at *6 (4th Cir. Sept. 5, 2000) (*quoting Slattery v. Rizzo*, 939 F.2d 213, 216 (4th Cir. 1991)).  "To find that a right is clearly established, 'the right allegedly violated must be defined at the appropriate level of specificity.'"  *Williams v. Bitner*, 455 F.3d 186, 191 (3d Cir. 2006) (*quoting Wilson v. Layne*, 526 U.S. 603, 615 (1999).

*of Wilmington*, 461 F. Supp. 2d 236, 243 (D. Del. 2006) (*citing Ryan v. Burlington County*, 889 F.2d 1286, 1292 (3d Cir. 1989)).

### C. Prison Litigation Reform Act

The Prison Litigation Reform Act does not apply in this case because Plaintiff is an alien detainee.[4] Section 1997e(a) requires prisoners to exhaust administrative remedies before filing a 42 U.S.C. § 1983 claim. 42 U.S.C. § 1997e(a). Section 1997e(h) defines "prisoner" as used in Section 1997e(a) as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of *criminal* law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h) (emphasis added). There is no evidence to contradict that Plaintiff is not detained for a crime, thus the argument based upon the Prison Litigation Reform Act is rejected.

### D. Mootness

The argument regarding mootness is rejected because Defendant has not proffered any case law to support his position. Defendant failed to provide the standard for mootness and raises mootness in his Reply to the Opposition to the Motion. That being said, ostensibly Plaintiff's two claims against Defendant are not moot because Plaintiff seeks damages for violations of his constitutional rights in which Defendant was allegedly involved. *See International Brotherhood of Boilermakers v. Kelly*, 815 F.2d 912, 915-16 (3d Cir. 1987) (explaining the requirements of mootness as: "(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned

---

[4] The Prison Litigation Reform Act does not apply to alien detainees. *Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000); *LaFontant v. Immigration & Naturalization Service*, 135 F.3d 158, 165 (D.C. Cir. 1998).

adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution") (*quoting Dow Chemical Co. v. U.S. Environmental Protection Agency*, 605 F.2d 673, 678 (3d Cir. 1979)).

**V.  Conclusion**

      For the reasons stated above, the Motion is denied in its entirety.  An Order follows.

                                             **S/SUSAN D. WIGENTON, U.S.D.J.**

cc: Judge Madeline Cox Arleo